Filed 12/23/13  Armstrong v. Parker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEIDRA ARMSTRONG, Plaintiff and Respondent, v. TIFFANY PARKER, Defendant and Appellant. | F065640 (Super. Ct. No. S-1503-CV-100285) **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from an order of the Superior Court of Kern County.  Larry A. Errea, Judge.

Tiffany Parker, in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

[*] Before Gomes, Acting P.J., Detjen, J. and Peña, J.

Tiffany Parker challenges the evidentiary basis for a restraining order issued against her pursuant to Code of Civil Procedure section 527.6.[1]  Parker also seeks to have the order vacated on procedural grounds.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Parker is a cousin of Deidra Armstrong.  In December 2011, Ms. Armstrong petitioned the Kern County Superior Court under section 527.6 for a restraining order prohibiting Parker from engaging in harassing conduct and coming within 50 yards of her, her children, and other specified locations.  A hearing for Ms. Armstrong's petition took place on January 13, 2012.  Parker did not attend the proceeding.  On January 25, 2012, the court issued a three-year restraining order against Parker under the terms requested by Ms. Armstrong.

On February 15, 2012, Parker filed a motion pursuant to section 663 to set aside and vacate the restraining order.  The motion was denied without prejudice on procedural grounds.  In May 2012, Parker filed a "Motion to Vacate Default Judgment" pursuant to section 473 on grounds of mistake, inadvertence, surprise, and/or excusable neglect. Parker submitted evidence to show that she never received notice or service of Ms. Armstrong's request for the restraining order.  Ms. Armstrong insisted her court papers were properly served.  The trial court found there was a "sufficient question" as to the issue of service which warranted granting Parker's motion and reopening the matter for a full hearing on the merits of the petition.  The restraining order remained in place pending further proceedings.

A new hearing was held on June 22, 2012.  Ms. Armstrong presented evidence which showed Parker had posted a series of insulting and threatening comments about her on the Facebook page of a mutual acquaintance in September 2011.  She also testified that Parker had threatened to kill her in December 2011 during a telephone conversation.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

Parker denied threatening Ms. Armstrong over the telephone but admitted to posting the Facebook messages. She explained her comments were made in the context of a back-and-forth exchange in which Ms. Armstrong had also posted rude and threatening statements directed towards her. Parker further advised that she was in the process of obtaining her own restraining order against Ms. Armstrong.

The presiding judge made the following statement at the conclusion of the hearing: "The Court is going to find both people are deceitful and less than truthful. I will put it in the nicest way I can. However, I feel there is obviously a running hate going between these two that's been ongoing for some time. So the harassment order originally issued will remain in effect."

## DISCUSSION

**Applicable Law**

Section 527.6 provides for injunctive relief against various forms of harassment. (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 401.) "Harassment" includes violence, threats of violence, and/or "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) "The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (*Ibid.*)

The statute authorizes a temporary restraining order lasting up to 25 days without notice to the enjoined party (§ 527.6, subds. (c) & (f)), but requires the court to hold a noticed hearing before issuing an injunction for a longer period of time. (§ 527.6, subd. (f).) Following the noticed hearing, the court may issue a restraining order covering a period of up to three years. (§ 527.6, subd. (j)(1).) In conjunction with the hearing, the defendant "may file a response that explains, excuses, justifies, or denies the alleged harassment…. [¶] At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing

3.

evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." (§ 527.6, subds. (h) & (i).)

Orders issued under section 527.6 are subject to appellate review. (§ 904.1, subd. (a)(6).)

**Standard of Review**

As below, Parker is proceeding in propria persona. Ms. Armstrong has not filed a respondent's brief or otherwise participated in the appeal. For Parker's benefit, it is noted that failure to file a respondent's brief does not constitute a default, i.e., the appealed order is not automatically reversed. (*In re Bryce C.* (1995) 12 Cal.4th 226, 232.) We consider the appellant's brief, independently examine the record on appeal, and reverse only if prejudicial error is found. (*Ibid.*; *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203; see also, Cal. Rules of Court, rule 8.220(a)(2).)

The trial court's decision is reviewed under the substantial evidence standard. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188 ["The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record."].) Substantial evidence is defined as "reasonable and credible evidence of solid value carrying legal significance." (*Estate of Trikha* (2013) 219 Cal.App.4th 791, 804.) We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge all reasonable inferences supporting the findings of the trial court. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) Under the doctrine of implied findings, we must presume the trial court impliedly found all facts in favor of the prevailing party so long as those implied findings are supported by substantial evidence. (*Agri-Systems, Inc. v. Foster Poultry Farms* (2008) 168 Cal.App.4th 1128, 1142.)

The clear and convincing evidence standard found in section 527.6 is not incorporated into the standard of review on appeal. (See *Crail v. Blakely* (1973) 8 Cal.3d 744, 750*; In re Marriage of Ruelas* (2007) 154 Cal.App.4th 339, 345.) "The sufficiency

of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal. Thus, on appeal from a judgment required to be based upon clear and convincing evidence, the clear and convincing test disappears . . . [and] the usual rule of conflicting evidence is applied, giving full effect to the [prevailing party's] evidence, however slight, and disregarding the appellant's evidence, however strong." (*Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 880-881, citations and quotation marks omitted.)

**Procedural Issues**

Under section 532, "[i]f an injunction is granted without notice to the person enjoined, the person may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the injunction…." (§ 532, subd. (a).) Parker did not pursue relief under this statute, but chose instead to file a motion pursuant to section 473, subdivision (b). She now argues the trial court erred by holding a new hearing on the merits of Ms. Armstrong's request for a restraining order because her section 473 motion "was solely to vacate." As best we can discern, Parker contends that by granting her motion the court was obligated to vacate the restraining order. Parker further complains that she was never served with Ms. Armstrong's court papers even after her motion was granted.

"Section 473, subdivision (b) provides for two distinct types of relief. Under the discretionary relief provision, on a showing of 'mistake, inadvertence, surprise, or excusable neglect,' the court has discretion to allow relief from a 'judgment, dismissal, order, or other proceeding taken against' a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of 'mistake, inadvertence, surprise, or neglect,' the court shall vacate any 'resulting default judgment or dismissal entered.'" (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 615-616, quoting portions of the statutory language.)

5.

Parker's apparent reliance on the mandatory relief provision of section 473, subdivision (b) is misplaced for two reasons. First, the provision is designed to provide a remedy for attorney error. (*Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 257 (*Zamora*).) Parker was not represented by counsel and did not support her motion with the required attorney declaration. Second, the restraining order did not constitute a default judgment.

For purposes of section 473, the concept of a default is narrowly construed. (*English v. IKON Business Solutions, Inc*. (2001) 94 Cal.App.4th 130, 143 (*English*).) "The mandatory provision of the statute requires the court to vacate not any 'default,' but only a 'default entered by the clerk . . . which will result in entry of a default judgment . . . .'" (*Ibid*., quoting § 473, subd. (b).) "Thus, the mandatory provision of section 473(b) applies to a 'default' entered by the clerk (or the court) when a defendant fails to answer a complaint, not to every 'omission' or 'failure' in the course of an action that might be characterized as a 'default' under the more general meaning of the word." (*English*, *supra*, 94 Cal.App.4th 130, fn. omitted.)

Under section 527.6, subdivision (h), the party against whom a restraining order is sought "may file" a response that explains, excuses, justifies, or denies the harassment alleged by the petitioner. Failure to provide such a response does not result in the entry of a default by the clerk or the court. Regardless of whether the petition is answered, the court is required to hold a hearing, receive any testimony that is relevant, and can make an independent inquiry into the allegations. (§ 527.6, subd. (i).) The restraining order that issued in January 2012 resulted from routine statutory proceedings and cannot be characterized as a "default judgment."

If section 473 afforded any basis for relief to Parker, it was under the discretionary provision of subdivision (b) on grounds of surprise due to lack of notice. (See *Credit Managers Assn. v. National Independent Business Alliance* (1984) 162 Cal.App.3d 1166, 1173 ["'Surprise' referred to in the provision of this section is 'some condition or

6.

situation in which a party to [a] cause is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.'"].) A ruling on a motion for discretionary relief under section 473 will not be disturbed on appeal unless there is a clear showing of abuse. (*Zamora, supra,* 28 Cal.4th at p. 257.) We find no abuse of discretion in the trial court's decision to grant relief by ordering a new hearing on the merits and leaving the restraining order in place until that time.

Regarding service of Ms. Armstrong's petition and related documents, the issue became moot when Parker attended the June 22, 2012 hearing after receiving notice from the trial court. "The general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose. This rule applies to one who appears in a lawsuit after defective service of process upon him [and] to one who responds to a notice of motion without adequate notice." (*De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609, citations omitted.) "It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion." (*Tate v. Superior Court* (1975) 45 Cal.App.3d 925, 930, accord, *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

**Sufficiency of the Evidence**

A section 527.6 injunction may be issued upon proof of any one the following circumstances: (1) an act of unlawful violence; (2) a credible threat of violence; or (3) a course of conduct involving harassing behavior that reasonably causes the petitioner to suffer substantial emotional distress. (§ 527.6, subd. (b).) The trial court made few explicit findings in this case and none that directly address the statutory grounds for relief. However, when relevant evidence has been presented, the granting of the injunction necessarily implies that the trial court found the enjoined party knowingly and

7.

willfully engaged in a course of conduct that seriously alarmed, annoyed or harassed the petitioner, and that the petitioner suffered substantial emotional distress as a result. (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1112.)

Ms. Armstrong testified that Parker posted comments on Facebook which either stated or strongly implied that she is on welfare, has been promiscuous since the age of 13, and is afflicted with hepatitis and herpes. Parker also apparently made a comment about Ms. Armstrong wanting to "rape little boys." These allegations were supported by photographic evidence (computer screen shots) and Parker's own admissions.

It is reasonable for a person to feel alarmed, annoyed, or harassed by the fact that such comments have been made about them on a public or semi-public website such as Facebook. This type of behavior could easily cause a reasonable person to experience substantial emotional distress. Ms. Armstrong claimed that she felt alarmed, concerned and annoyed by Parker's comments, and experienced substantial emotional distress as a result. We must credit her testimony under the controlling standard of review.

Parker argues Ms. Armstrong erroneously described the Facebook posts as "emails" and emphasizes that the exchange of messages was limited to the dates of September 6 and 7, 2011. These facts do not help her position. Section 527.6 defines a "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, *however short*, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or *sending harassing correspondence to an individual by any means, including, but not limited to*, the use of public or private mails, interoffice mail, facsimile, or computer email." (§ 527.6, subd. (b)(1), italics added). Harassing correspondence through Facebook posts and messages falls within this broad statutory definition.

It is true that an injunction should only be issued when it appears from the evidence that the harassment is likely to recur in the future. (*R.D. v. P.M.*, *supra*, 202 Cal.App.4th at p. 189.) Although the evidence presented at the hearing was largely

8.

focused on an incident from several months earlier, there was ample evidence to support the trial court's finding with regard to the ongoing animosity between Parker and Ms. Armstrong. The same evidence permits reasonable inferences in support of the implied finding that the enjoined behavior was otherwise likely to recur.

Standing alone, the "course of conduct" evidence is substantial and sufficient to uphold the trial court's ruling. Our decision to affirm is only bolstered by the threats of violence made against Ms. Armstrong. As explained during the June 2012 hearing, Parker's Facebook posts repeatedly reference a prior occasion when she actually beat up Ms. Armstrong. Some of Parker's more incriminating statements were as follows: "meat (sic) me at [Grandma's] so I can beat [your] ass like I did when we were 19." "I don't put up with bitches like you. Maybe Korey can referee this time and witness me holding you down and clocking you in the face just like last time." "I've got offers from folks to YouTube me beating [your] ass." It was reasonable for the trial court to accept Ms. Armstrong's interpretation of these comments as a credible threat of violence. (See § 527.6, subd. (b)(2).)

It does not matter that some of the petitioner's evidence was hearsay. Case law holds that courts are authorized to admit and consider hearsay evidence during section 527.6 hearings. (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 728-729.) Parker also failed to make evidentiary objections at the time of the hearing. (See *Id*. at p. 726 ["To obtain reversal based on the erroneous admission of evidence, the record must show a timely objection making clear that specific ground."].)

In her final argument, Parker contends the trial court erred by refusing to consider evidence of Ms. Armstrong's prior inconsistent statements and her misconduct towards Parker on multiple occasions. Parker was apparently prepared to submit documents from other court proceedings, police reports she had filed against Ms. Armstrong, and arrest records showing Ms. Armstrong had a history of threatening other people. Parker also

claimed to have phone records to refute the allegation that she had made verbal threats over the telephone.

Trial courts are required to hear "any testimony that is relevant" to the petitioner's allegations of harassment. (§ 527.6, subd. (i).) The trial judge in this case found both women to be dishonest and made it clear that he did not believe additional evidence of misconduct by Ms. Armstrong was material to the ultimate issue, i.e., whether Parker engaged in harassing behavior. If the court erred by rejecting Parker's evidence, the error was harmless. It is obvious that the mitigating value of such evidence, if any, would not have overcome Parker's admission that she posted the offensive and threatening Facebook messages. In simpler terms, multiple wrongs do not make a right.

## DISPOSITION

The order granting the injunction pursuant to section 527.6 is affirmed.

10.