[No. A096261. First Dist., Div. Three. Sept. 30, 2003.]

LANCE RUSSELL, Plaintiff and Respondent, v.
THOMAS DOUVAN, Defendant and Appellant.

**COUNSEL**

Pierce & Shearer and Andrew F. Pierce for Defendant and Appellant.

Law Offices of Jon-Marc Dobrin, Hal Chase; Russell & Russell and Lance Arthur Russell for Plaintiff and Respondent.

**OPINION**

**CORRIGAN, Acting P. J.**—Here we reaffirm the long-standing principle that a prohibitory injunction may not issue unless the court finds there is a threat of future harm.

### FACTUAL AND PROCEDURAL BACKGROUND

Thomas Douvan and Lance Russell are attorneys who represented opposite sides in a dispute. Russell claimed that after a court appearance Douvan followed him into an elevator and forcefully grabbed his arm. Russell filed a petition for an injunction prohibiting harassment under Code of Civil Procedure section 527.6.[1] Following an evidentiary hearing, the court concluded that Douvan committed a battery and issued an injunction. Russell did not attribute any other violent act or threat to Douvan. At the time of the hearing, Russell no longer represented a party in the underlying action. Russell and Douvan advised the court that they do not "regularly do business with [each other] or oppos[e] each other." The court stated: "[T]he legislature has given

---

[1] All statutory references are to the Code of Civil Procedure, unless stated otherwise.

a quite clear message that if there's a battery or an assault committed and that's demonstrated by clear and convincing evidence, and that's it, that I am supposed to issue an injunction." Douvan challenges the order because the court issued the injunction without first finding a threat of future harm. We reverse.

## DISCUSSION

The court misinterpreted section 527.6 in concluding an injunction must issue based on a single incident of battery without finding a threat of future harm. Section 527.6 provides injunctive relief to a person who has suffered harassment. Harassment is defined in part as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b).) Unlawful conduct is further defined to include "any assault or battery, or stalking as prohibited in Section 646.9 of the Penal Code, but shall not include lawful acts of self-defense or defense of others." (§ 527.6, subd. (b)(1).) "If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment. An injunction issued pursuant to this section shall have a duration of not more than three years." (§ 527.6, subd. (d).) " 'Clear and convincing' evidence requires a finding of high probability." (*In re Angelia P.* (1981) 28 Cal.3d 908, 919 [171 Cal.Rptr. 637, 623 P.2d 198].)

A prohibitory injunction is "a writ or order requiring a person to refrain from a particular act." (§ 525.) Characterized as "preventative relief," a prohibitory injunction necessarily addresses future conduct. (Civ. Code, § 3420.) This notion was discussed by the court in *Scripps Health v. Marin* (1999) 72 Cal.App.4th 324 [85 Cal.Rptr.2d 86] (*Scripps Health*): "Preliminarily, the express codified purpose of a prohibitory injunction is to prevent future harm to the applicant by ordering the defendant to refrain from doing a particular act. [Citations.] Consequently, *injunctive relief lies only to prevent threatened injury and has no application to wrongs that have been completed.* [Citation.] *It should neither serve as punishment for past acts, nor be exercised in the absence of any evidence establishing the reasonable probability the acts will be repeated in the future.* Indeed, a change in circumstances at the time of the hearing, rendering injunctive relief moot or unnecessary, justifies denial of the request. [Citations.] Moreover, not only can injunctive relief be denied where the defendant has voluntarily discontinued the wrongful conduct [citation], there exists no equitable reason for ordering it where the defendant has in good faith discontinued the proscribed conduct [citation]. 'Thus, to authorize the issuance of an injunction, it must appear with reasonable certainty that the wrongful acts will be continued or repeated.' [Citation.]" (*Id.* at pp. 332–333, italics added.)

*Scripps Health* concerned section 527.8, the availability of injunctive relief based on a threat of violence towards employees in the workplace. "At the time section 527.8 was enacted, section 527.6 prevented harassment when there has been a knowing and willful course of conduct directed at a specific person which annoys or harasses the person and serves no legitimate purpose. The reasonable construction of this harassment provision required the applicant to establish a course of conduct giving rise to a threat of future harm necessitating injunctive relief. In other words, the course of conduct *must be ongoing at the time the injunction is sought*, as a single incident of harassment does not constitute a course of conduct entitling the applicant to injunctive relief. [Citation.]" (*Scripps Health, supra,* 72 Cal.App.4th at p. 333, italics added, fn. omitted.)

Section 527.6 was amended in 1998 to parallel the provisions of section 527.8 by adding "unlawful violence" and the "credible threat of violence" to the definition of harassment along with the "course of conduct" language discussed by the *Scripps Health* court. (*Scripps Health, supra,* 72 Cal.App.4th at p. 333, fn. 7; Stats. 1998, ch. 581, § 2, pp. 3158–3160.)

Subdivision (d) of section 527.6 addresses the requirements for obtaining a permanent injunction. The subdivision provides in part: "If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." Not completely without reason, the trial court understood the statute to call for the issuance of an injunction upon the finding of a single act of past violence. This interpretation is, however, too narrow in view of the purpose of a prohibitory injunction and the broader context of the statute.

A literal interpretation of section 527.6, subdivision (d) is inconsistent with the purpose of injunctive relief. ■ As the *Scripps Health* court explained, an injunction serves to prevent future injury and is not applicable to wrongs that have been completed. An injunction is authorized only when it appears that wrongful acts are likely to recur. (*Scripps Health, supra,* 72 Cal.App.4th at pp. 332–333.) This analysis is consistent with well-settled California law. (*Rosicrucian Fellow v. Rosicrucian Etc. Ch.* (1952) 39 Cal.2d 121, 144 [245 P.2d 481]; *Hannah v. Pogue* (1944) 23 Cal.2d 849, 858 [147 P.2d 572]; *Blake v. City of Eureka* (1927) 201 Cal. 643, 661–662 [258 P. 945]; *Ball v. Kehl* (1891) 87 Cal. 505, 507 [25 P. 679].)

Nor is a literal interpretation of the subdivision consistent with the purpose of the statute itself. In construing a statute we rely on established principles of statutory interpretation: " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by

examining the language of the statute. [Citations.] But '[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations.] Thus, '[t]he intent prevails over the letter, and the letter will, if possible, be so read so as to conform to the spirit of the act.' [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citations.]" (*Scripps Health, supra,* 72 Cal.App.4th at p. 332.)

Section 527.6 is intended "to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution." (Stats. 1978, ch. 1307, § 1, p. 4294; see Cal. Const. art. I, § 1.) The court in *Smith v. Silvey* (1983) 149 Cal.App.3d 400 [197 Cal.Rptr. 15], recounted a portion of the legislative history in order to explain the statute's purpose: "An analysis prepared for the Senate Committee on Judiciary (1977–1978 Reg. Sess.— Assem. Bill No. 3093) saw the purpose as follows: 'Under existing law, a victim of harassment may bring a tort action based either on invasion of privacy or on intentional infliction of emotional distress. Where great or irreparable injury is threatened, such victim may obtain an injunction under procedures detailed in C.C.P. Sec. 527(a). [¶] This bill would establish an expedited procedure for enjoining acts of "harassment" as defined, including the use of temporary restraining orders. . . . [¶] The purpose of the bill is to provide quick relief to harassed persons.' " (*Id.* at p. 405.) It follows that if there is no likelihood of future harm, there is no necessity for an expedited procedure for relief. Indeed, under subdivision (d) a court cannot issue an injunction unless it finds by clear and convincing evidence that "unlawful harassment *exists*" (§ 527.6, subd. (d), italics added), not that it existed in the past.

Additionally, we borrow from the reasoning of the *Scripps Health* court to find that a literal interpretation of section 527.6, subdivision (d) "would result in the absurd consequence of placing a greater burden of proof on a plaintiff to obtain an ex parte TRO than a permanent injunction." (*Scripps Health, supra,* 72 Cal.App.4th at p. 334.) Section 527.6, subdivision (c) provides that a "plaintiff may obtain a *temporary restraining order*" upon filing an affidavit establishing "reasonable proof of harassment . . . by the defendant, and that *great or irreparable harm would result to the plaintiff.*" (Italics added.) Under subdivision (d), a *permanent injunction* shall issue upon a finding by clear and convincing evidence that the defendant engaged in unlawful violence. Applying subdivision (d) literally, a plaintiff seeking a temporary restraining order would have to show that great or irreparable harm is threatened, while that same plaintiff would have to demonstrate only a single past act of unlawful violence to obtain the greater relief of a permanent injunction.

Common sense does not support such an interpretation. (*Scripps Health*, *supra*, 72 Cal.App.4th at p. 335.)

■ When the court concluded that a single act of unlawful violence required the issuance of an injunction, it construed its role too narrowly. There may well be cases in which the circumstances surrounding a single act of violence may support a conclusion that future harm is highly probable. That finding, however, must be made and the court failed to do so here.

### DISPOSITION

The order granting injunctive relief is reversed. Douvan shall bear his own costs on appeal.

Parrilli, J., and Pollak, J., concurred.