Filed 4/30/13  Offerman v. McCurtis CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DONALD OFFERMAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL McCURTIS et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B239370<br>(Super. Ct. Nos. 56-2011-00408205-CU-HR-VTA, 56-2011-00408208-CU-HR-VTA)<br>(Ventura County) |

Plaintiff Donald Offerman appeals judgments denying his applications for harassment injunctions (Code Civ. Proc. § 527.6) against defendants Michael McCurtis and Billy Hammock.[1]  We conclude, among other things, that:  1) Offerman has not shown that the trial court displayed bias against him during an evidentiary hearing, and 2) the court did not abuse its discretion by denying injunctive relief.  We affirm.

### FACTS

Offerman was "a live-in caretaker" at Pastor McCurtis's church.  He decided to leave the church because McCurtis gave him "an ultimatum" to "either do as he wanted . . . or leave."  McCurtis did not give him sufficient time to remove his belongings or to "obtain other housing."

In June 2011, Offerman and a friend returned to the church to pick up Offerman's "personal items."  McCurtis said he wanted to talk to Offerman "alone."

---

[1] All statutory references are to the Code of Civil Procedure.

Offerman testified this request was "very disturbing to [him]." He said, "I immediately went into the adjacent fellowship wall." McCurtis followed him. Offerman testified McCurtis "got into my face." "[McCurtis] had his chest and his face about three inches away from my face, and in a loud, aggressive tone of voice and demeanor, he told me to get out of the church."

After leaving the church, Offerman asked McCurtis's father, also a pastor, for "a letter of reference." Offerman "didn't want to be around" McCurtis. People associated with McCurtis contacted Offerman. Elizabeth, McCurtis's sister, invited him to a wedding. Offerman believed this was threatening because, if he went, he might come in contact with McCurtis.

Offerman felt Hammock was a threat to him because he "did not intervene" when McCurtis asked Offerman to leave the church and Hammock "was starring at [Offerman] with a mean look." He also felt Hammock was a threat to him because he recently left a voice message stating he had "a letter from Pastor."

Offerman filed requests for "Orders to Stop Harassment" against McCurtis and Hammock. (§ 527.6.) He appeared in propria persona and was the only witness at the hearing.

The trial court denied the requests for injunctive relief. It found there was no evidence to support an injunction against Hammock or McCurtis based on alleged harassment.

DISCUSSION

*Denying Injunctive Relief*

Offerman contends the trial court abused its discretion by denying his request for injunctive relief against McCurtis and Hammock. He claims the record shows: 1) the trial court was "biased" against him during the hearing, and 2) it erred by rejecting his evidence of harassment by the defendants, including facts showing "a conspiracy to lure [him] to vulnerable locations." We disagree.

"A person who has suffered harassment . . . may seek a temporary restraining order and an injunction prohibiting" that conduct. (§ 527.6, subd. (a)(1).) The trial court

2.

may issue a temporary restraining order where there is "reasonable proof of harassment of the petitioner by the respondent, and that great or irreparable harm would result to the petitioner." (§ 527.6, subd. (d).)

The granting or denying of injunctive relief "rests within the sound discretion of the trial court and may not be disturbed on appeal except for an abuse of discretion." (*California Assn. of Dispensing Opticians v. Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 425.)

We review the record in the light most favorable to the judgment. An appellate court "must resolve all evidentiary conflicts in favor of the prevailing party . . . ." (*Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 744.) "We may not insert ourselves as the trier of fact and reweigh the evidence." (*Id.* at p. 745.) The trial court decides the credibility of the witnesses. (*Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647; *Church of Merciful Saviour v. Volunteers of America* (1960) 184 Cal.App.2d 851, 856.)

*Bias*

Offerman contends the trial court was biased. He claims it did not permit him to make an oral argument. But the court said it did not want him "to read a statement." Offerman appeared in propria persona at the hearing on the injunction. The court had reviewed his moving papers and it had questions about his allegations. The court asked him a series of questions to evaluate the merits of his claims. In so doing, it acted within its discretion. The court asked questions about all of his material allegations.

Offerman claims the trial court refused to permit him to file documents at the hearing. But the court found his request was untimely. He made the request at the end of the hearing *after* the court had denied the injunctions. He did not explain why he did not make the request earlier. Moreover, the court ultimately said, "[Y]ou're welcome to file them if you wish to do so." It also told him, "This case is still open. If anything occurs in the future, sir, you can refile in the same case." Offerman has not cited to any remarks by the court that would support a bias claim. From our review of the record, we conclude this claim is without merit.

3.

*Abuse of Discretion*

In his petitions for orders to stop harassment by McCurtis and Hammock, Offerman alleged his "request for orders is based on *a credible threat of violence.*" (Italics added.) But the trial court reasonably found Offerman's testimony did not support those allegations. When the court asked whether McCurtis "ever threatened [him] in any way," Offerman said, "*Not verbally*, but--yeah. He got in my face." (Italics added.) The court: "What does 'got into my face' mean . . . ?" Offerman: "He had his chest and his face about three inches away from my face, and in a loud, aggressive tone of voice and demeanor, he told me to get out of the church." Offerman said his "last contact" with McCurtis was in June 2011, six months before the hearing on injunctive relief.

The trial court could find the evidence was not sufficient. Offerman may have been upset by McCurtis's conduct and did not want to be near him. But the trial court must use an objective standard to determine whether injunctive relief is appropriate. A "'[c]redible threat of violence' is a knowing and willful statement or course of conduct that would *place a reasonable person in fear for his or her safety . . . .*" (Italics added.) (§ 527.6, subd. (b)(2).) "'[I]njunctive relief lies only to prevent threatened injury and has no application to wrongs that have been completed.'" (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 401, italics omitted.)

The trial court could reasonably infer that other than telling Offerman to leave in an aggressive manner in one prior incident, there was no evidence that McCurtis made a threat of violence or a physical assault. Moreover, Offerman did not show that he would suffer future irreparable harm. Relief under the statute may be based on evidence of either a credible threat or a pattern of harassment. (§ 527.6.) But "an injunction restraining future conduct is authorized by section 527.6 *only when it appears from the evidence* that the harassment is likely to recur in the future . . . ." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 189, italics added; *Leydon v. Alexander* (1989) 212 Cal.App.3d 1, 3-5 [single incident of defendant's "deplorable" conduct and abusive language did not authorize the court to issue a harassment injunction].) Here there was no evidence that within the past six months McCurtis ever personally contacted Offerman. The injunction

is not to be used "as punishment for past acts." (*Russell v. Douvan*, *supra*, 112 Cal.App.4th at p. 401.)

Offerman testified McCurtis created an "ugly situation" in June by preventing him from getting his belongings and not giving him "ample time to find alternative housing." But the trial court could reasonably infer such claims about McCurtis's past conduct cannot be decided by a section 527.6 injunction.

Offerman also alleged McCurtis was currently harassing him by using third parties to contact him. But an injunction must be based on evidence, not speculation. (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1277.) Offerman testified that McCurtis "has been orchestrating, *apparently*, efforts to have me contacted. . . . And *connecting the dots leaves me to believe that there's no other reasonable explanation for his friends contacting me . . . .*" (Italics added.) But the court could find this testimony about what McCurtis "apparently" did and "connecting the dots" was speculation. Offerman did not show that the people he claimed were currently contacting him had made any threats. The court found "no evidence that the subsequent contact by other people were in any way shape or form instrumented . . . by [McCurtis] for the purpose of harassing [Offerman]." It was not required to accept Offerman's personal view that an invitation to a wedding was a threat. Offerman has not shown error.

Offerman contends the trial court erred by not granting an injunction against Hammock. But it could reasonably find he did not prove Hammock made a credible threat or had engaged in harassment. Offerman sought an injunction against Hammock citing three incidents: 1) that on one occasion six months earlier Hammock "was starring at [him] with a mean look"; 2) that Hammock "did not intervene" when McCurtis asked Offerman to leave; and 3) Hammock left a voice mail stating he had "a letter from Pastor" and he wanted to "talk to [him] about other things." The court found that none of these events constituted "the basis for issuing a restraining order." There was no abuse of discretion. The court may not grant a harassment injunction where it reasonably finds the defendant's conduct is not currently threatening. (*Russell v. Douvan*, *supra*, 112

5.

Cal.App.4th 399, 401-403 [single incident of a battery committed by the defendant against plaintiff did not, by itself, justify injunctive relief].)

Offerman apparently claims the trial court had to accept his theory that the defendants were "conspiring" to "lure" him to "vulnerable locations" because he was the only testifying witness. But "a trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it . . . ." (*Lohman v. Lohman* (1946) 29 Cal.2d 144, 149.) It is apparent from the court's findings that it did not view Offerman's claims to be credible. We do not decide credibility and we may not reweigh the evidence. (*Burch v. Premier Homes, LLC*, *supra*, 199 Cal.App.4th at p. 744.)

Offerman contends that during the hearing the trial court made some remarks which he claims were irrelevant, unnecessary or incorrect. But the court's isolated or tentative remarks during a hearing will not impeach the judgment where, as here, the court's ultimate findings are supported by the record. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268.)

We have reviewed Offerman's remaining contentions and we conclude he has not shown error.

The judgments are affirmed. Each party is to bear their own costs.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:



YEGAN, J.



PERREN, J.

6.

JoAnn Johnson, Commissioner

Superior Court County of Ventura

_____


Donald Offerman, in pro. per., for Plaintiff and Appellant.


No appearance for Defendants and Respondents.