Filed 3/27/14  Campos v. Stone CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ELIZABETH CAMPOS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROBERT STONE,<br><br>    Defendant and Respondent. | 2d Civil No. B249029<br>(Super. Ct. No. 56-2013-00435632-<br>CU-HR-VTA )<br>(Ventura County) |

Plaintiff Elizabeth Campos appeals a judgment denying her application for a harassment injunction (Code Civ. Proc. § 527.6) against defendant Robert Stone.  We conclude, among other things, that:  1) Campos has not shown that the trial court was biased against her, and 2) the trial court did not abuse its discretion by denying injunctive relief.  We affirm.

FACTS

Campos and Stone are neighbors.  Campos installed security cameras and lights on her house.  Stone was upset because he claimed one of those cameras "points directly at the front door" of his house.

Campos filed a request for a temporary restraining order claiming that Stone had harassed and threatened her.  The trial court issued a temporary restraining order against Stone and set the case for a hearing.

Campos testified that "someone had dumped a bucket of . . . gasoline on the front of [her] property . . . ."  She believed it was Stone.  She said Stone had "yanked out" lights she had installed on her house, and that Stone and his friends had brandished rifles and made statements that frightened her.

Stone testified that Campos's accusations were not true.  He said, "[A]pparently she has a paranoia of people breaking into her house. . . .  I've never ever been on her property. . . .  I really try to avoid this woman to the best of my ability."  He said Campos's testimony about the rifle incident "is a total lie."  He said, "Maybe she saw us putting guns in the back of the truck to go target shooting one day, but that is the extent of it."

The trial court found no evidence to support an injunction against Stone.  It said there was no "conduct that is seriously harassing" and no "credible threat of violence that a reasonable person would be in fear of their safety."

DISCUSSION

*Injunctive Relief for Harassment*

Campos contends the trial court abused its discretion by denying her request for injunctive relief against Stone.  She claims the record shows the court was biased against her.  We disagree.

"A person who has suffered harassment . . . may seek a temporary restraining order and an injunction prohibiting [that conduct]."  (Code Civ. Proc., § 527.6, subd. (a)(1).)  The trial court may issue a temporary restraining order where there is "reasonable proof of harassment of the petitioner by the respondent, and that great or irreparable harm would result to the petitioner."  (*Id.*, subd. (d).)

The granting or denying of injunctive relief "rests within the sound discretion of the trial court and may not be disturbed on appeal except for an abuse of discretion."  (*California Assn. of Dispensing Opticians v. Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 425.)

We review the record in the light most favorable to the judgment.  An appellate court "must resolve all evidentiary conflicts in favor of the prevailing

2.

party . . . ." (*Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 744.) "We may not insert ourselves as the trier of fact and reweigh the evidence." (*Id.* at p. 745.) The trial court decides the credibility of the witnesses. (*Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647; *Church of Merciful Saviour v. Volunteers of America* (1960) 184 Cal.App.2d 851, 856.)

*Bias*

Campos contends the trial court was biased against her. This claim is without merit. It is well established that "numerous and continuous rulings against a litigant, even when erroneous, form no ground for a charge of bias or prejudice." (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795-796.) The appellant must cite to the record to support a claim of bias. (*Ibid*.) Campos has not done so, and the record refutes her claims. The trial court allowed her a complete opportunity to testify. It patiently considered every claim she made and it asked relevant questions. The court's decision was based on the testimony at the hearing. Campos has not shown that it relied on any inadmissible matter in ruling against her.

Campos notes that in Stone's response to the request for a restraining order, he checked the box indicating that he agreed with "the orders that are requested." She claims the trial court showed bias by intervening on Stone's behalf to allow him to change that response.

But the record shows the trial court asked Stone about this response to clarify his position on granting a restraining order. The court: "She's asking for a civil restraining order for up to three years. It says that you're in agreement with that request?" Stone answered: "No, not at all. . . . I'm opposed to that request. I didn't realize the checking of that particular [box] was jeopardizing my situation with her." Stone appeared in propria persona and had mistakenly checked that box. The court properly questioned him about his position on the restraining order. Campos has not shown any evidence of bias.

3.

Campos claims the court reporter prepared an "adulterated transcript." But the court reporter certified the transcript was a "full, true and correct transcript of the proceedings . . . ." Campos has not shown that the reporter's certificate was inaccurate.

Campos claims the trial court discriminated against her because of her disability. But she did not raise an objection on this ground at the hearing, and the transcript of the hearing does not support her claims.

*Abuse of Discretion*

Campos contends the trial court abused its discretion by not granting injunctive relief against Stone. We disagree.

In her "Request for Civil Harassment Restraining Orders," Campos alleged Stone made threats and engaged in a pattern of harassment. But the trial court could reasonably find the evidence did not support those allegations.

Campos testified that when she came home from a doctor's appointment she discovered that "someone had dumped a bucket of . . . gasoline on the front of [her] property . . . ." She said, "[I]t is someone who came from across the street from [Stone's] direction." She conceded, however, that "[t]here's no way to identify whether it was [Stone] or not . . . ." An injunction must be based on evidence, not speculation. (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1277.)

Campos testified Stone had objected to the lights she installed on her property. She claimed some of those lights were "yanked out" and she had a photo of Stone pulling lights off her house. But when the court asked if she had "any pictures of that," she admitted, "No." Stone denied her allegations.

Campos testified that a year earlier Stone and his friends "were waiving rifles in the air and calling out [her] name." She responded, "Big deal. You're going hunting." She said Stone remarked, "I don't kill animals," and Stone and his friends "laughed." She testified "[T]hat's very frightening to me."

Stone denied her allegations. He testified "There is absolutely . . . nothing true about what she said."

4.

Here the trial court resolved these evidentiary conflicts against Campos and found Stone to be credible. We do not decide credibility and we may not reweigh the evidence. (*Burch v. Premier Homes, LLC*, *supra*, 199 Cal.App.4th at p. 744.) Campos is apparently claiming the court had to accept her testimony. But "a trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it . . . ." (*Lohman v. Lohman* (1946) 29 Cal.2d 144, 149.)

Moreover, there must be evidence that a defendant's conduct "would place a reasonable person in fear for his or her safety . . . ." (Code Civ. Proc. § 527.6, subd. (b)(2).) "'*[I]njunctive relief lies only to prevent threatened injury and has no application to wrongs that have been completed.*'" (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 401.) It is " authorized . . . only when it appears from the evidence that the harassment is likely to recur in the future . . . ." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 189; *Leydon v. Alexander* (1989) 212 Cal.App.3d 1, 3-5.) It may not be used "'*as punishment for past acts*.'" (*Russell*, at p. 401.) The trial court could reasonably find that Campos did not meet these standards. Campos has not shown otherwise.

We have reviewed Campos's remaining contentions and we conclude she has not shown error.

The judgment is affirmed. Costs on appeal are awarded in favor of respondent.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

5.

Susan Witting, Temporary Judge[*]

Superior Court County of Ventura

_____

Elizabeth Campos, in pro. per., for Plaintiff and Appellant.


Robert Stone, in pro. per., for Defendant and Respondent.

_____

[*](Pursuant to Cal. Const., art. VI, § 21.)

6.