Filed 7/29/15  Cervantes v. Fradet CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RAUL MORALES CERVANTES, | D065721 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2014-00000446-CU-HR-NC) |
| JACQUES FRADET, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Affirmed.

Carl M. Hancock for Defendant and Appellant.

Mary Cavanagh for Plaintiff and Respondent.

Jacques Fradet appeals a civil harassment restraining order that prohibits Fradet from harassing Raul Morales Cervantes and Cervantes's family members.  Fradet contends that the trial court erred in granting the restraining order because (1) the evidence is insufficient to support the court's issuance of the restraining order ; and (2) the court applied the wrong legal standard.  Cervantes requests an award of attorney fees

and costs on appeal.  We *affirm* the restraining order, but deny Cervantes's request for fees and costs.

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Factual Background*[1]

Fradet and Cervantes are next door neighbors.  On January 26, 2014,[2] Cervantes's dogs escaped his property while his granddaughter was cleaning their kennel.  At least one of the dogs ran onto Fradet's property whereupon Fradet observed Cervantes's dog defecate.  Fradet then ran toward Cervantes's property and began yelling at him about what his dog did.  Fradet then attempted to confront Cervantes, but Cervantes did not engage.  Instead, Cervantes retreated into his garage to take his anti-anxiety medication.  A year prior to this incident, Cervantes suffered a head injury resulting in increased susceptibility to anxiety attacks.  Fradet interpreted Cervantes's unwillingness to engage him as dismissiveness.

A few moments later, Fradet returned with a bag of the dog's feces, hopped over the privacy fence between their properties without permission from Cervantes, and proceeded to smear the feces over the rear quarter of Cervantes's truck while Cervantes and his young granddaughter watched.  Cervantes told Fradet to leave the property, but Fradet responded by taunting Cervantes and intentionally trying to provoke a physical altercation.  Fradet's taunts and goading included statements like, "Come here, I want

---

[1]     The following summary of the facts is mostly derived from the trial court's engrossed settled statement (hereafter the settled statement).

[2]     All further dates are to the calendar year 2014.

you!" and "Come here!  I'm wa[i]ting for you!"  Fradet then jumped back over the privacy fence onto his own property and taunted Cervantes again saying, "I will be waiting for you right here.  Any time I will be waiting for you."

The undisputed evidence indicates this was the first time Fradet observed Cervantes's dog defecating on his property.  Fradet never discussed any concern about Cervantes's dog defecating on his property prior to this incident.

During the trial, Fradet displayed an angry demeanor, indicating that his hostility toward Cervantes and resentment about the incident had not lessened.

B.  *Procedural Background*

On January 29 Cervantes filed a request for civil harassment restraining orders against Fradet.  Cervantes supported his request with a one-page handwritten declaration reciting the facts of the incident.

That same day the court granted a temporary restraining order and set the evidentiary hearing on Cervantes's requested restraining order for February 21.   Fradet thereafter submitted his written response and his supporting declaration contesting Cervantes's request.

On February 21 the court held the evidentiary hearing on Cervantes's request for a one-year restraining order.  The court's minute order shows the court heard sworn testimony from Fradet, Cervantes, and Cervantes's wife, Barbara.  The minute order also shows the proceedings were not reported.  The court found Cervantes's testimony and version of events more credible than Fradet's and granted Cervantes a one-year civil

3

harassment restraining order pursuant to Code of Civil Procedure section 527.6.[3]  The minute order shows the court ordered that Fradet stay 10 yards away from Cervantes and Cervantes's family.  It also ordered that Fradet not own or possess a firearm and that he must not contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, send any messages to, follow, stalk, or destroy the personal property of Cervantes.

On April 4 Fradet filed a timely notice of appeal challenging the restraining order. As the February 21 hearing was not reported, Fradet moved to proceed by settled statement pursuant to California Rules of Court, rule 8.137.[4]  The parties filed a joint stipulation to proceed by agreed statement.[5]  The parties exchanged multiple proposed statements but could not agree on a single version.

The court held a hearing on the issue of the settled statement.  The court then prepared its settled statement summarizing the trial and the court's findings.  Fradet then

---

[3]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[4]     Rutter explains that "[a] settled statement consists of a 'condensed narrative of the oral proceedings that the appellant believes necessary for the appeal.' [] Appellant files a proposed statement, respondent files proposed amendments (if any), and the superior court approves the final 'settled statement.'"  (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2014) ¶ 4:14.1, p. 4-6, citing Cal. Rules of Court, rule 8.137 (b), (c).)  Rutter also explains that, "[i]f a settled statement entirely replaces the reporter's transcript [], it can also include copies of the superior court documents in lieu of a clerk's transcript []."  (Eisenberg et al., *supra*, at ¶ 4:24, p. 4-7.)

[5]     Rutter explains that "[t]he 'agreed statement' is another rarely-used alternative to the reporter's transcript, also consisting of a narrative description of the trial court proceedings." (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs, *supra*, § 4:16, p. 4-6.)

filed and served written objections to the settled statement. The court overruled Fradet's objections.

Fradet thereafter filed in this court a motion to strike the settled statement. Cervantes filed an opposition to Fradet's motion to strike. This court denied Fradet's motion to strike the settled statement.

DISCUSSION

## I. *FRADET'S CLAIM THAT THE RESTRAINING ORDER SHOULD BE REVERSED*

In challenging the restraining order, Fradet makes two main contentions. First, he contends that the evidence is insufficient to sustain the court's issuance of the restraining order. Specifically, Fradet contends that (1) the evidence suggests his actions were not violent within the meaning of section 527.6, subdivision (b)(3) (hereafter section 527.6(b)(3)); (2) the record contains insufficient evidence to support a finding that he made a credible threat of violence within the meaning of section 527.6(b)(3) ; (3) there is insufficient evidence to support a finding that his actions amount to a prohibited course of conduct within the meaning of section 527.6, subdivision (b)(1) (hereafter section 527.6(b)(1)); and (4) there is insufficient evidence to support a finding that Fradet poses a threat of future harm to Cervantes.

Fradet's second main contention is that the trial court abused its discretion when it failed to apply the "reasonable person" standard pursuant to section 527.6, subdivisions (b)(2) and (b)(3). Fradet's contentions are unavailing.

5

A. *Applicable Legal Principles*

1. *Civil harassment restraining orders generally*

Under Code of Civil Procedure[6] section 527.6, a court is authorized to issue a restraining order against a person who has engaged in harassment. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188-189.)

"Harassment" is defined in section 527.6(b)(3) as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Section 527.6(b)(3) also provides that "[t]he course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."

Section 527.6, subdivision (b)(2) (hereafter section 527.6(b)(2)) defines a "[c]redible threat of violence" as "a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose."

A "[c]ourse of conduct" is defined in section 527.6(b)(1) as a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual . . . ."

For a trial court to issue a civil harassment restraining order, it must find by clear and convincing evidence that unlawful harassment exists. (§ 527.6, subd. (i).)

---

[6] All undesignated statutory references are to the Code of Civil Procedure.

2. *Standard of review*

"When a judgment is attacked as being unsupported by the evidence, 'the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the [trier of fact].'" (*PWS, Inc. v. Ban* (1991) 234 Cal.App.3d 223, 230.) Under the applicable substantial evidence standard of review, we must review the entire record and view all factual matters in the light most favorable to the prevailing party and the judgment. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925 (*Nestle*); *Washington v. Farlice* (1991) 1 Cal.App.4th 766, 771-772.)

The trial court's decision is presumed to be correct. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) The appellant carries the burden of showing prejudicial error. (*Id*. at 632.)

On appeal, when assessing the sufficiency of the evidence supporting a harassment restraining order issued under section 527.6, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762 (*Schild*).) This court does not reweigh evidence, assess credibility, or make factual findings contrary to those made by the trial court. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631 (*Howard*).)

7

B. *Analysis*

1. *Fradet's insufficiency-of-the-evidence claim*

Fradet contends the evidence is insufficient to support the issuance of the restraining order. This contention is unavailing.

Fradet argues that the record shows his conduct was not violent. He admits that he trespassed and vandalized Cervantes's truck, but asserts that his actions were not violent. We agree that the record does not contain any evidence of actual violence committed by Fradet.

Fradet also claims there is insufficient evidence to demonstrate that he made a credible threat of violence. Section 527.6 (b)(2) defines a "[c]redible threat of violence" as "a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose."

Here, the record demonstrates that Fradet made several statements that would put a reasonable person in fear for his or her safety within the meaning of section 527.6(b)(2). The evidence shows Fradet began the interaction by angrily yelling at Cervantes about the dog. Fradet then trespassed onto Cervantes's property and yelled, "Come here I want you!" The court noted in the settled statement that Cervantes is a grandfather and "not at all physically imposing." In contrast, Fradet is five feet nine inches tall, weighs 190 pounds, and is in his 40's. Thus, the evidence supports a reasonable inference that Fradet is more physically imposing. The court found that Fradet aggressively charged at, taunted, and attempted to goad Cervantes into a physical

8

altercation because "Fradet presumably felt he would prevail."  Thus, the evidence supports an inference that Fradet attempted to intimidate Cervantes and made him fear for his safety.

Fradet asserts that while he was still on Cervantes's property, he said, "I will be waiting for you right here.  Anytime I will be waiting for you."  This assertion suggests that Fradet did not threaten immediate violence.  However, Fradet's version of the facts is unsupported by the evidence in the record and is contrary to common sense.  According to Cervantes's declaration, a copy of which is attached to the settled statement, Fradet jumped over the fence back onto his own property, then he made the above statement.  Contrary to the inference intended by Fradet's version, a fair reading of the evidence suggests that Fradet knowingly and willfully used verbal and physical intimidation before he returned to his own property.  In other words, the evidence shows he made statements that would put a reasonable person in fear for his or her own safety and which served no legitimate purpose.

From a common sense perspective, it seems unlikely that Fradet would say "I will be waiting for you right here.  Anytime I will be waiting for you," while standing on Cervantes's property.  To do so would necessarily entail Fradet's trespassing for an indefinite period of time.  In addition, Fradet is improperly asking this court to reweigh the evidence and draw factual inferences most favorable to him in violation of the rules governing application of the substantial evidence standard of review.  (See *Nestle*, *supra*, 6 Cal.3d at p. 925 [a reviewing court views all factual matters in the light most favorable to the prevailing party and the judgment]; *Schild*, *supra*, 232 Cal.App.3d at p. 762

9

[reviewing courts indulge all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence]; *Howard*, *supra*, 72 Cal.App.4th at pp. 630-631 [a reviewing court does not reweigh the evidence].)

Fradet asserts that "[c]ontext is everything in threat jurisprudence." The evidence shows that Fradet made the foregoing intimidating statements in the context of unlawfully trespassing onto Cervantes's property and then vandalizing Cervantes's truck, all within view of Cervantes and his five-year-old granddaughter. The evidence regarding Fradet's statements and his aggressive and admittedly "childish" actions, which the court described as "Fradet's first response to a relatively innocuous event,[7] i.e., a dog defecating on his property," constitutes clear and convincing evidence that Fradet harassed Cervantes by making a credible threat of violence within the meaning of section 527.6(b)(2).

In his declaration, Fradet stated that his intent in "smear[ing] the feces on [Cervantes's truck]" was to inconvenience Cervantes and ultimately protect his family from the danger of being harassed by Cervantes's dogs. Aside from Fradet's version of events, which the trial court discredited, the record contains no evidence that Cervantes's dog displayed any aggressive behavior. The trial court described Fradet's version and interpretation of events as disingenuous. As stated *ante*, this court does not make

---

7       The court characterized the dog's defecating on Fradet's property as a "relatively innocuous event." Reasonable minds may disagree. However, even though the dog's defecating on Fradet's property was offensive, it did not justify Fradet's conduct, which the court found constituted harassment within the meaning of section 527.6.

assessments of credibility contrary to those in the trial court.  (*Howard*, *supra*, 72 Cal.App.4th at pp. 630-631.)

Fradet's next contention that there is insufficient evidence to support a finding that his actions amounted to a course of conduct that would put a reasonable person in fear for his or her safety is unavailing.  Having determined that substantial evidence supports the court's finding that clear and convincing evidence demonstrates that the requisites of [section] 527.6 had been met, we need not and do not further address this contention.

Relying on *Russell v. Douvan* (2003) 112 Cal.App.4th 399 for the proposition that a restraining order cannot be issued unless the court finds there is a threat of future harm, Fradet also claims the record contains insufficient evidence that Fradet poses a future threat to Cervantes.  This contention is unavailing.  "The 'purpose of [section 527.6] is to prevent future harm to the applicant by ordering the defendant to refrain from doing a particular act.'"  (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1266.)

Here, Fradet's last statement during the altercation, "I will be waiting for you right here.  Anytime I will be waiting for you,"  indicates a threat of future violence or at least a willingness to engage in future violence.  Furthermore, at the evidentiary hearing held several weeks after the incident, as the court noted in the settled statement, Fradet's behavior indicated that his enmity toward Cervantes had not dissipated.   Viewing the foregoing evidence in the light most favorable to the order issued by the court, as we must (*Nestle*, *supra*, 6 Cal.3d at p. 925), the record contains substantial evidence from

11

which a reasonable trier of fact could conclude that Fradet posed a threat of future violence to Cervantes.

2. *Fradet's claim that the court applied the wrong legal standard*

Fradet also contends the trial court erred by failing to apply the "reasonable person" standard when it issued the civil harassment restraining order. Assuming that the court failed to apply the proper standard, without deciding, Fradet's contention is unavailing. On appeal we review the legal correctness of the court's ruling or decision, not the court's reasoning. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 ["'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason.'"].) For reasons discussed *ante*, we have concluded that the record contains clear and convincing evidence that Fradet made a credible threat of violence, constituting harassment within the meaning of section 527.6, subdivisions (b)(2) and (b)(3). Therefore, since the trial court reached the correct legal ruling in granting the restraining order, we affirm the order.

II. *CERVANTES'S REQUEST FOR FEES AND COSTS ON APPEAL*

Cervantes requests an award of attorney fees and costs on appeal pursuant to section 527.6, subdivision (r), which provides that "[t]he prevailing party in any action brought under this section *may* be awarded court costs and attorney's fees, if any." (Italics added.) Thus, any award is discretionary. (§ 527.6, subd. (r); see 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 958, p. 1011 ["The right of the prevailing party to

recover costs on appeal . . . is qualified by an appellate court's inherent discretionary power to grant or withhold costs."].)

Cervantes represented himself at trial and incurred no fees there. On appeal, he is represented by an attorney and has incurred both attorney fees and costs.

In support of his request for attorney fees, Cervantes asks that we consider the following: (1) Cervantes believes that this appeal was to make him continue to fend off Fradet's protracted attacks on the restraining order, depriving him of peace ; (2) Fradet did not respect the substantial evidence standard of review on appeal ; (3) Fradet has repeatedly expressed disrespect for the trial court and for Cervantes himself . Fradet does not address Cervantes's request for attorney fees and costs.

The record indicates Cervantes entrusted his five-year-old granddaughter with the responsibility of controlling his two dogs while she cleaned their kennel. The dogs escaped her control and left Cervantes's property. As discussed, *ante,* one of the dogs defecated on Fradet's property, which offended him and led to the dispute. Cervantes, as the owner of the dog, was responsible for the failure to keep the dog from defecating on Fradet's property. In light of the evidence, we conclude that both parties share some blame for the dispute. Accordingly, we deny Cervantes's request for attorney fees and costs on appeal. We order that the parties bear their own costs.

DISPOSITION

The civil harassment restraining order is affirmed.  The parties shall bear their own attorney fees and costs on appeal.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.