Filed 11/6/15  Hogan v. Waikem CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERIN MARIE HOGAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JORDAN KENSLEY WAIKEM,<br><br>    Defendant and Respondent. | B257873<br><br>(Los Angeles County<br>Super. Ct. No. BS148640) |

APPEAL from judgment of the Superior Court of Los Angeles County, Carol Boas Goodson, Judge.  Reversed with directions.

Erin Marie Hogan, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

# INTRODUCTION

Plaintiff and Appellant Erin Marie Hogan appeals the trial court's judgment denying her request for additional time to serve Defendant Jordan Waikem with a Code of Civil Procedure[1] section 527.6 petition for a civil harassment restraining order. The trial court denied Hogan's request and dissolved Hogan's temporary restraining order against Defendant based on its determination that the petition, on its face, failed to state conduct constituting civil harassment. We conclude that the court erred in finding that Hogan failed to state a claim as Hogan's petition states a prima facie case for civil harassment, and the court abused its discretion in refusing to allow Hogan additional time to serve Defendant, who appears to have intentionally evaded service. To clarify, we are not holding that Hogan has proved her case for a permanent injunction. Rather, we are merely holding that Hogan has alleged sufficient facts to state a claim for civil harassment and should have been allotted additional time to serve Defendant prior to a hearing where the parties would present evidence and argument regarding whether a permanent injunction should be issued.

As this case was brought before us as an appeal rather than on petition for a writ of mandate, the allegations within Hogan's petition are now more than a year old. We are thus reluctant to order the trial court to reissue the temporary restraining order per section 527.6, subdivision (o)(1), without new information showing that Defendant poses a present threat of harassment to Hogan. We therefore order the trial court, 10 days following our issuance of remittitur, to issue an order to show cause as to whether Hogan still seeks a civil harassment restraining order. In support of her new request, Hogan must provide the court with an amended petition setting forth current facts showing that the threat of harassment posed by Defendant in 2014 continues to exist.

---

[1]     All subsequent statutory references are to the Code of Civil Procedure.

**FACTS AND PROCEDURAL BACKGROUND**

Hogan filed a petition for a civil harassment restraining order on May 16, 2014, alleging that Defendant Jordan Waikem had harassed her by repeatedly making jokes and remarks about Hogan at their workplace, by making false allegations to their employer that Hogan had broken into an employee's home and physically assaulted the employee's boyfriend, by falsely informing coworkers that Hogan had physically assaulted Defendant, and by distributing an audio recording of Hogan having a mental break down to Hogan's second employer, resulting in Hogan's termination. In addition to attesting to these events in her petition, Hogan also declared that the harassment caused her severe emotional distress and resulted in her hospitalization at a mental healthcare facility.

Despite the professional process server's efforts to serve Defendant within the statutory time period, Defendant evaded service. Prior to the hearing, Hogan provided the court with a declaration from the process server explaining her efforts to serve Defendant at Defendant's place of employment, Jumbo's Clown Room, and detailing how Jumbo's staff helped Defendant evade service. At the hearing, Hogan orally moved for additional time to effectuate service of the petition for a civil harassment restraining order. The trial court denied this motion, stating that it found that "the petition, on its face, does not rise to the level of an Injunction." The court held that "[t]he application is denied and the case is dismissed" and that "[t]he Temporary Restraining Orders are dissolved."

**DISCUSSION**

Section 527.6 authorizes persons who have suffered harassment to obtain a temporary restraining order and an injunction prohibiting harassment. At issue is whether the facts attested to by Hogan are sufficient to establish a claim for civil harassment under the statute, such that Hogan should be given the opportunity to serve Defendant and have a hearing on her claim. "[W]hether the facts, when construed most favorably [to the petitioner], are legally sufficient to constitute civil harassment under section 527.6 [is a] question[] of law subject to de novo review." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188 (*R.D.*).)

3

Section 527.6, subdivision (b)(3) defines " '[h]arassment' " as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." The statute states that " '[c]ourse of conduct' is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.' " (*Id.*, subd. (b)(1).) In addition, an injunction is only proper where the harassment is likely to recur in the future. (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 402 ["An injunction is authorized only when it appears that wrongful acts are likely to recur."].)

Here, Hogan attested that she had confided in Defendant regarding her mental disorder, which caused her to have a warped body image. Hogan stated that after her friendship with Defendant ended, Defendant repeatedly made jokes and remarks about her weight at their shared workplace, Jumbo's Clown Room. At one point in time, Defendant lied to Hogan's coworkers at Jumbo's, stating that Hogan had physically assaulted Defendant. Hogan also attested that Defendant lied to Hogan's supervisor at Jumbo's, telling the supervisor that Hogan had broken into another employee's home and had assaulted that employee's boyfriend. Hogan stated that the fictitious report resulted in Hogan's temporary suspension from her job at Jumbo's.

Subsequently, Hogan suffered a mental breakdown in her dressing room at Jumbo's following a night of verbal harassment and taunting. Hogan attested that the taunting made her suicidal and resulted in her being held for 72 hours at the BHC Alhambra Mental Institution. In addition, a coworker, who was working with Defendant to harass Hogan, illegally recorded Hogan's mental breakdown in the dressing room without her knowledge or consent.

Defendant sent a copy of this recording to Hogan. Hogan attested that Defendant also forwarded the recording of her mental breakdown to her supervisor at The Choreography House (Hogan's second employer). The Choreography House summarily dismissed Hogan from her position. To corroborate her account of these facts, Hogan provided the declaration of a third party witness who attested to seeing an email sent by Defendant to Hogan containing the recording, with an audio file attachment titled "Psycho Erin.mp3." This third party stated that he witnessed the Choreography House supervisor state that Defendant had sought out the supervisor and had told the supervisor that Hogan was " 'crazy and psychotic' and unfit for employment."

The foregoing establishes sufficient facts to state a claim for civil harassment under section 527.6. The declarations detailed how Defendant engaged in a knowing and willful course of conduct directed at Hogan that successfully and seriously alarmed, annoyed, and tormented Hogan. Specifically, the declarations established that Defendant verbally taunted and made jokes about Hogan, knowing that such behavior would cause her mental harm. The evidence also indicated that Defendant spread lies about Hogan to coworkers and to her employers, followed by her suspension and termination. Defendant appears to have gone so far as to provide Hogan's employer with an illegal recording of her mental breakdown, asserting that Hogan was unfit to work there. This series of acts appears to have no apparent legitimate purpose other than to harass Hogan. Furthermore, this course of conduct would likely cause a reasonable person to suffer substantial emotional distress, and it evidently caused Hogan substantial emotional distress as evidenced by her hospitalization.

We conclude that Hogan alleged sufficient facts to state a claim for her civil harassment restraining order petition. The trial court's denial of Hogan's request for additional time to serve Defendant, which was supported by the process server's declaration evidencing Defendant's evasion of service, was thus an abuse of discretion. (§ 527.6, subd. (o)(1) ["The court may, upon the filing of a declaration by the petitioner that the respondent could not be served within the time required by statute, reissue an order previously issued and dissolved by the court for failure to serve the respondent.

5

The reissued order shall remain in effect until the date set for the hearing."]; *Smith v. Adventist Health System/West* (2010) 182 Cal.App.4th 729, 749 ["An abuse of discretion occurs when the superior court exceeds the bounds of reason or contravenes the uncontradicted evidence."].)  We therefore reverse the court's judgment erroneously denying the petition on its face.

## DISPOSITION

We reverse the judgment.  Unfortunately, over a year has passed since Hogan sought the civil harassment restraining order and the allegations before us do not indicate whether the threat of harassment posed by Defendant a year ago exists today.  We are thus reluctant to order the trial court to reissue the temporary restraining order per section 527.6, subdivision (o)(1), without new information showing that Defendant has continued to harass Hogan.

We therefore order the trial court, 10 days following our issuance of remittitur, to issue an order to show cause as to whether Plaintiff still seeks a civil harassment restraining order.  At the order to show cause proceeding, Hogan must provide the court with an amended petition attesting to current facts that show that Defendant's harassment has continued and would likely continue in the future.  If the court finds that Hogan's amended petition states sufficient grounds for a restraining order, the court shall issue a temporary restraining order and set the matter for a hearing on the petition for the permanent injunction pursuant to section 527.6, subdivision (g).  Hogan must then serve Defendant with the amended petition at least five days before the hearing on the petition for the permanent injunction in accordance with section 527.6, subdivision (m).

6

Lastly, as Defendant Jordan Waikem has yet to appear in this matter and as this Court has waived Plaintiff Erin Marie Hogan's costs, we award no costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

JONES, J. [*]

We concur:

ALDRICH, Acting P. J.

LAVIN, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7