Filed 4/25/16  Baize v. Numan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOHNSON NUMAN,<br><br>    Defendant and Respondent. | D068023<br><br><br><br>(Super. Ct. No. 37-2015-00011385-CU-HR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Tamila Ipema, Judge.  Affirmed.

Debbie Baize, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Debbie Baize appeals the order denying her request for a restraining order against defendant and respondent Johnson Numan, the manager of the building where plaintiff used to live, and his 12-year-old son, Tanner Numan.[1]  In

---

[1]    Johnson did not submit a respondent's brief in this proceeding.  However, we do not "treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error)

support of her request for a restraining order, plaintiff declared that in March 2015, Johnson on behalf of Tanner obtained a temporary (but not permanent) restraining order against plaintiff; that plaintiff in response also sought a restraining order against Johnson and/or Tanner, which was denied; that on April 2, 2015, she again sought a restraining order against Johnson and Tanner, which was again denied; and that on April 6, 2015, she renewed her request for a restraining order against Johnson and Tanner after Johnson attacked her on April 3, 2015.

In connection with her request for restraining order dated April 2, plaintiff alleged that since Johnson became the building manager in 2013, he has "invaded [her] personal life by asking questions about . . . finances, [her] whereabouts, and who [she] was with." As an example of the Numans' harassment, plaintiff declared in support of her April 2 request for restraining order that as she was paying rent in February 2015, Johnson asked her a series of questions that made plaintiff "uncomfortable" and, in her mind, suggested Johnson "might be setting [her] up to be attacked." In another example, plaintiff noted Tanner followed her to a store, and, when plaintiff would not buy him a specific item, Tanner became "mad" and made up stories about plaintiff. Plaintiff declared she did not want to be a "mother figure" to Tanner or his babysitter.

Plaintiff relied on her April 2 declaration in connection with her April 6 request for restraining order. In addition, she further alleged in her April 6 request that Johnson

---

but independently examine the record and reverse only if prejudicial error is found." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203, citing *In re Bryce C.* (1995) 12 Cal.4th 226, 232–233; and *In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1; cf. *In re Bryce C.*, *supra*, at p. 232 ["If an *appellant* fails to file a brief, the appeal may be dismissed entirely."].)

hit her on April 3 as she was moving out of the building; that his attack left bruises on her right and left arms; that after the police dispatched, she was able to finish moving out of the building safely; and that as she was finishing moving out, Johnson referenced his son Tanner, and said to plaintiff, Tanner "was going to be missing [her], and that [she] shouldn't move out." Plaintiff stated that she felt threatened by this statement and that the Numans' continued harassment has made her fear for her life.

The record shows that the court on April 27, 2015 heard the unreported testimony of plaintiff, Johnson and Tanner; that the court considered the photographic evidence proffered by plaintiff showing her "bruised arm"; and that after a "careful review" of the record, the court found plaintiff had not proved her case by clear and convincing evidence and thus denied her request for restraining order on this record.

## DISCUSSION

A. *Guiding Principles*

A person who has suffered harassment may obtain an order prohibiting harassment. (Code Civ. Proc.,[2] § 527.6, subd. (a)(1).) Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)

---

[2]     All further statutory references are to the Code of Civil Procedure.

3

Course of conduct as provided in section 527.6 means "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means . . . ."  (§ 527.6, subd. (b)(1).)  If the court "finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment."  (§ 527.6, subd. (i).)

"[I]t is settled that:  'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  When reviewing a trial court ruling we do not reweigh the evidence, make our own factual inferences that contradict those of the trial court, or second guess the trial court's credibility determinations.  (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)

As such, when as here "no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment [or order] but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of

4

the evidence."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

B.  *Analysis*

Here, plaintiff alleges in her one-page brief that the testimony elicited at the hearing was "false"; that the "facts" of harassment were "contrary to [the] elicited testimony"; and that she was in fact subject to "serious verbal [and] physical threats." However, it was plaintiff's burden to present an adequate record for review, which she has not done.

Furthermore, the record shows the court at the outset of the April 27 hearing informed the parties "that this matter is not being reported by a court reporter or recorded electronically."  Because plaintiff failed to provide an adequate record for our review, as a court of review we *must* presume the unreported hearing testimony would demonstrate the absence of error and would provide substantial evidence for the denial of the restraining order.  (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.)

Plaintiff also claims there were "technical errors" in her case.  However, plaintiff fails to state what those technical errors were, to provide any law to support her contention, and to show how any such errors prejudiced her and entitled her to relief on appeal.  We recognize plaintiff was self-represented in the trial court and in this appeal. As such, we have carefully reviewed the limited record she provided but can find no "technical errors" in the court's ruling denying her April 6, 2015 request for a restraining order against Johnson and Tanner.

5

Finally, we note from the record that plaintiff has "moved out completely" from the building managed by Johnson.  As such, for this separate reason we conclude the court order denying her request was proper.  (See *Russell v. Douvan* (2003) 112 Cal.App.4th 399, 402 ["An injunction is authorized only when it appears that wrongful acts are likely to recur."].)

## DISPOSITION

The order denying plaintiff's April 6, 2015 restraining order is affirmed.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.