Filed 8/5/16  Bolden v. Thigpen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PLEZANE BOLDEN, | |
| Plaintiff and Respondent, | E064115 |
| v. | (Super.Ct.No. PSC1501264) |
| LATOYA THIGPEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Affirmed.

Friedrichs and Associates and Angela J. Friedrichs for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The trial court issued a civil harassment restraining order protecting plaintiff and respondent Plezane Bolden from defendant and appellant LaToya Thigpen.  (Code Civ. Proc., § 527.6.)  Thigpen contends substantial evidence does not support the issuance of the restraining order.  We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On March 17, 2015, Bolden requested a civil harassment restraining order to protect her from Thigpen. In the written request, Bolden explained that Thigpen was the current girlfriend of Bolden's former boyfriend. Bolden wrote that she had been harassed by Thigpen, and attacked by Thigpen on March 12, 2015. Bolden explained that she was sitting in her car at a gas station when Thigpen, holding keys in her hand, attacked Bolden. A medical report for Bolden dated March 14, 2015, reflected Bolden had an acute contusion on her left eye, also referred to as an acute subconjunctival hemorrhage. The doctor wrote a note excusing Bolden from work for 10 days. In her request, Bolden wrote that she felt threatened by Thigpen, as well as by Thigpen's family and friends. Bolden signed the request under penalty of perjury. On March 17, the trial court issued a temporary restraining order protecting Bolden from Thigpen.

On April 14, Thigpen filed a response to Bolden's request. Thigpen opposed the request. Thigpen denied attacking Bolden. Thigpen explained that, on March 12, Bolden attacked Thigpen, leaving Thigpen with "severe bruising to the right thigh." Thigpen wrote that she feared for her safety due to Bolden's actions.

At a hearing on April 17 on Bolden's request, Thigpen requested the hearing be continued because there was a criminal case pending.[1] The hearing was continued to July 10; the temporary restraining order was also extended until that date. On July 10,

_____

[1] The April 17 minute order reads "Criminal case pending"; however, we infer from the reporter's transcript that prosecutors had not filed charges with the court, rather the matter was pending with the police.

2

Thigpen's attorney was ill. A special appearance attorney requested the hearing be continued again due to the illness. The hearing was continued to July 17.

At the hearing on July 17, Bolden said she filed a police report two days after the March 12 attack, but did not have the report with her in court. Bolden had not subpoenaed witnesses to testify at the hearing. The court said it understood there was a video surveillance recording of the attack. Bolden said she did not have the recording. Bolden had e-mailed a detective to try to obtain the recording, but was still awaiting a response.

Thigpen's special appearance attorney argued that the March 12 confrontation was an isolated incident, and to the extent there was an attack, it was mutual combat. The attorney asserted there was no evidence of ongoing harassment. Bolden explained she and Thigpen dated the same man. Thigpen's special appearance attorney said he believed neither Thigpen nor Bolden were still dating the man in question. Bolden asked for the restraining order to be issued so that she would not have to worry "for [her] home or anything else like that." The trial court announced its decision to issue the restraining order, at which point Thigpen's attorney requested to present testimony. The trial court explained the request to present testimony was too late because the court had already signed the restraining order.

The order expires in July 2018. The order requires Thigpen to stay at least 100 yards away from Bolden and Bolden's home, vehicle, and place of work. Thigpen is prohibited from harassing and contacting Bolden. Thigpen is also prohibited from taking any action to obtain Bolden's address or location.

## DISCUSSION

Thigpen contends substantial evidence does not support the issuance of the civil harassment restraining order. (Code of Civ. Proc., § 527.6.)[2]

In reviewing a decision to issue a civil harassment restraining order we apply the substantial evidence standard of review. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.) Under that standard, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

"[A] proceeding for an injunction under section 527.6 . . . need not proceed as a 'full-fledged evidentiary hearing with oral testimony from all sides.' [Citation.] Rather, the hearing may be based on affidavits or declarations, which are themselves a form of hearsay evidence." (*Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 557.) The standard of proof for issuance of a restraining order is clear and convincing evidence. (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 401.)

A person who has suffered harassment may seek a restraining order. (§ 527.6, subd. (a)(1).) "'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6,

_____

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

subd. (b)(3).) "'Unlawful violence' is any assault or battery, or stalking . . . ." (§ 527.6, subd. (b)(7).)

In Bolden's request, which was signed under penalty of perjury, she described sitting in her car at a gas station when Thigpen attacked her. Thigpen was holding keys in her hand at the time of the attack. Bolden suffered an acute injury to her eye. It can reasonably be inferred from this evidence that Thigpen struck Bolden's eye with the keys. It can also be inferred that Thigpen was the aggressor because she approached Bolden while Bolden was seated inside her vehicle. Thus, the foregoing evidence provides substantial support for the finding that Thigpen battered Bolden, which equates with unlawful violence, which equates with harassment. (§ 527.6, subds. (b)(3) & (b)(7).) Therefore, there is substantial evidence supporting the issuance of the restraining order because Thigpen harassed Bolden via unlawful violence.

Thigpen contends the record lacks substantial evidence because Bolden and Thigpen contradicted one another as to who started the March 12 confrontation. Thigpen's argument is unpersuasive because we do not resolve conflicts in the evidence on appeal. Under the substantial evidence standard of review, all conflicts are resolved in favor of the judgment. (*ASP Properties Group v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.) Thus, we must resolve the conflict in favor of the conclusion that Thigpen was the aggressor.

Next, Thigpen contends the record lacks substantial evidence because an injunction must be based upon a future threat of harm, not past conduct. As set forth *ante*, section 527.6 permits the issuance of a restraining order if the petitioner has been

5

harassed by the respondent. (§ 527.6, subd. (a)(1).) The definition of harassment includes "unlawful violence" (§ 527.6, subd. (b)(3)), which is defined as "any assault or battery" (§ 527.6, subd. (b)(7)). Accordingly, under the plain language of section 527.6, it would appear that a single incident of past violence is sufficient for issuance of a restraining order. (See *Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1147 [statutory interpretation begins with the statute's plain language].) Nevertheless, section 527.6 has been interpreted as requiring proof of a threatened future harm. (*Russell v. Douvan*, *supra*, 112 Cal.App.4th at pp. 401-404.)[3]

Proof of a threatened future harm exists in this case because (1) Thigpen and Bolden dated the same man; (2) the March 12 attack occurred when Thigpen and Bolden were at the same gas station; (3) Thigpen attacked Bolden while Bolden was seated in her car; (4) Thigpen lives in Palm Springs; (5) Bolden lives in Cathedral City; and (6) Bolden was concerned for her safety. It can be inferred from this evidence that Thigpen and Bolden have overlapping social circles because they dated the same man, and overlapping geographical areas that they visit because they were at the same gas station. The trial court could reasonably infer that Thigpen and Bolden were likely to

---

[3] In one paragraph of Thigpen's Appellant's Opening Brief, within the "Standard of Review" section, she asserts the standard of review is de novo and contends the trial court incorrectly interpreted section 527.6. Thigpen also discusses the abuse of discretion standard of review. Thigpen does not provide further law or legal argument about statutory interpretation. Accordingly, to the extent Thigpen intended to raise a separate issue concerning statutory interpretation, we deem that issue to be abandoned. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned"].)

continue meeting either due to social or geographical reasons, and that Thigpen was likely to again attack Bolden given the unprovoked nature of the March 12 attack. Accordingly, given the social and geographical connections between Thigpen and Bolden there is substantial evidence of a threatened future harm.

Thigpen contends the record lacks proof of a future risk of harm because no harassment occurred between the March 12 attack and the July 17 hearing. A temporary restraining order was issued on March 17 protecting Bolden from Thigpen. It is reasonable to infer that the lack of harassment between the March 12 attack and July 17 hearing was due to the temporary restraining order. Accordingly, we find Thigpen's argument to be unpersuasive.

## DISPOSITION

The judgment is affirmed. Bolden is awarded her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

7